UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JOY L. BLEDSOE | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-247 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

## **MEMORANDUM OPINION**

The plaintiff Joy L. Bledsoe has filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for disability insurance benefits under the Social Security Act. The defendant has also filed a motion for summary judgment.

Ms. Bledsoe was born in 1978 and was 25 years old at the time of her administrative hearing. [Tr. 170]. She completed high school and has relevant past work experience as a customer service representative. [Tr. 13, 170]. Ms. Bledsoe alleges she is disabled as of August 22, 2000, from injuries sustained in a motor vehicle accident. [Tr. 14]. Based upon a finding that her severe impairment was not severe enough, the Administrative Law Judge [ALJ] found that Ms. Bledsoe was not disabled as defined by the Social Security Act. [*Id*.].

At Ms. Bledsoe's administrative hearing held on March 16, 2004, the testimony of Ms. Bledsoe and vocational expert Donna Bardsley was received into evidence. [Tr. 169-84]. Ms. Bledsoe testified she last worked in August 2000 before she was in an automobile accident. [Tr. 170]. She sustained a laceration to her liver that now causes her "back pain behind the liver constantly." [Tr. 171]. She also has back and abdominal pain. [*Id.*]. She is able to care for her four-year-old son, prepare the occasional meal, and do some light housework. [Tr. 173-74]. Ms. Bledsoe believes she is unable to work because she has trouble standing and sitting. [Tr. 179-80].

Vocational expert Donna Bardsley testified Ms. Bledsoe's past relevant work as a customer service representative was sedentary and semi-skilled. [Tr. 180-81]. The ALJ then asked her to assume a woman of Ms. Bledsoe's height, weight, education, and work background who was restricted to sedentary and light work. [Tr. 181]. Such a person also had an intellectual functioning in the borderline range and an emotional disorder that caused mild restrictions in her ability to perform work-related activities. [*Id.*]. According to the vocational expert, such a person could work as a cashier, sales clerk, information clerk, order clerk, stock and inventory clerk, cleaner, food service worker, and hand packager, *inter alia*. [*Id.*].

The ALJ ruled that Ms. Bledsoe was not disabled because her severe impairment of a verbal IQ of 78 was not severe enough to warrant a finding of

disability. [Tr. 14-15]. The ALJ then found Ms. Bledsoe retained the residual functional capacity [RFC] to perform all work-related activities except for work involving highly skilled and complex tasks. [Tr. 16]. With those limitations, Ms. Bledsoe could return to her past relevant work as a customer service representative. [Tr. 15]. Even if she could not return to that work, Ms. Bledsoe could still perform other jobs such as a cashier, sales clerk, information clerk, order clerk, stock and inventory clerk, food service worker, and packer. [*Id.*].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Bledsoe requests summary judgment and challenges the ALJ's credibility determination. The ALJ determined that Ms. Bledsoe's subjective complaints were

"not credible or supported by the documentary evidence." [Tr. 15]. He found she did not have a "medically determinable impairment or combination of impairments which would be expected to result in severe and disabling pain." [*Id*.]. The ALJ noted that following her initial treatment after her accident, "the record shows minimal treatment for any medical condition." [*Id*.]. An abdominal CT scan administered following complaints of abdominal pain did not show any problems. [*Id*.]. X-rays have failed to show a severe musculoskeletal impairment. [*Id*.]. In addition, Ms. Bledsoe's physical activities such as caring for her four-year-old son, cooking, performing housework, and attending church were inconsistent with her complaints, according to the ALJ. [*Id*.]. Based on the above, the ALJ's finding that Ms. Bledsoe was not credible was made with substantial evidence. However, this court will note that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

Ms. Bledsoe also contends the ALJ failed to follow the opinions of Drs. William Browder and Eric Engum. Dr. Browder was one of Ms. Bledsoe's treating physicians, and Dr. Engum performed a psychological evaluation and neurophysical screening on her. Under Sixth Circuit law, the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence

4

and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2).

Dr. Browder stated in February 2004 that Ms. Bledsoe could not perform even the full range of sedentary work because of "cervical disc disease." [Tr. 156-58]. The ALJ concluded this opinion was "not supported by any documentary evidence such as x-rays, a MRI, or a CT scan" or by clinical evidence. [Tr. 15]. In addition, such an opinion was, according to the ALJ, inconsistent with other doctors' opinions and Ms. Bledsoe's report of her activities. [*Id*.].

The ALJ's dismissal of Dr. Browder's restrictive opinion was made with substantial evidence. There is no medical evidence in the record, save for Dr. Browder's notations, that Ms. Bledsoe had cervical disc disease. More importantly, it strains credulity to believe that a woman who self-reported caring for a small child, attending church, and performing housework would be unable to perform even a sedentary job.

This court is confused as to why Ms. Bledsoe complains the ALJ did not follow the recommendations of Dr. Engum, as the recommendations in no way limited her ability to work or indicated she was disabled. Regardless, according to Dr. Engum, Ms. Bledsoe was obviously depressed and would benefit from both medication and brief therapy. [Tr. 134]. In addition, Dr. Engum recommended Ms. Bledsoe receive
5

some vocational counseling "*to facilitate transition back into the workplace*." [*Id*.]. [Emphasis added]. Dr. Engum in no way indicated Ms. Bledsoe would be unable to return to work.

This court finds no error in the ALJ's assessment of the opinions of Drs. Browder and Engum.

After careful consideration of the entire record of proceedings related to this case, Ms. Bledsoe's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

    ENTER:

    s/Thomas Gray Hull
    THOMAS GRAY HULL
      SENIOR U. S. DISTRICT JUDGE